OPINION
{¶ 1} Defendant-appellant, Shaun T. Dennis, appeals from a judgment of conviction and sentence entered by the Franklin County Court of Common Pleas. For the following reasons, we affirm that judgment.
 {¶ 2} In the early morning hours of February 18, 2003, appellant went to Jenise Slater's home and knocked on the front door. Slater answered the door and appellant told her that he was trying to find Slater's daughter, Wanika Richardson, who he had been dating. Slater told him that she did not know where Richardson was, closed the door, and went back to sleep. At that time, Slater's 1996 Dodge van was parked in the driveway. Later that morning, Slater discovered that her van was gone.
 {¶ 3} Ultimately, Slater received a phone call from a man who identified himself as appellant. Slater had known appellant for many years. Slater recognized appellant's voice on the phone. Appellant told Slater that she would only get her van back if she produced her daughter. Slater declined and ended the telephone conversation. A couple of days later, Slater returned home to find her van parked in the driveway with the keys inside the van. There was also a message on her home answering machine from a man who identified himself as appellant. Slater again recognized appellant's voice. In the message, appellant apologized for taking the van.
 {¶ 4} On March 25, 2003, appellant was indicted for one count of theft in violation of R.C. 2913.02. At his initial hearing, appellant entered a not guilty plea to the charge. The trial court set a $5,000 surety bond and a $2,000 recognizance bond. Appellant also signed an affidavit of indigency indicating that he was financially unable to retain private counsel. Therefore, the trial court appointed a public defender to represent appellant. Appellant's trial was initially scheduled for May 28, 2003. On that date, his trial was continued until July 7, 2003. On June 20, 2003, appellant posted bond and was released from jail.
 {¶ 5} On the morning of trial, July 7, 2003, appellant asked the trial court to continue the trial to allow him additional time to hire private counsel because he was unhappy with his appointed counsel's level of preparation. The trial court denied appellant's request and began the trial. The trial proceeded on Monday and Tuesday, and then was delayed for one day until Thursday. After a break that Thursday morning, appellant failed to return to the courtroom. Appellant's counsel moved for a mistrial. After significant discussion, the trial court denied appellant's counsel's request for a mistrial and proceeded with the trial in appellant's absence. The jury found appellant guilty of one count of theft. Appellant was eventually located and sentenced by the trial court.
 {¶ 6} Appellant appeals, assigning the following errors:
I. The trial court erred in denying the defendant's request for a continuance to obtain new counsel.
II. The trial court erred in completing the trial in absentia after the defendant absconded.
III. The trial court erred in failing to instruct the jury on the possibility of finding guilt on the lesser included offense of unauthorized use of a motor vehicle.
IV. The trial court erred in failng to conduct all substantive discussions with the defendant and counsel on the record.
V. The defendant was deprived of his right to the effective assistance of counsel, as guaranteed by section 10, Article I of the ohio constitution and the sixth and fourteenth amendment to the united states constitution. * * *
 {¶ 7} Appellant contends in his first assignment of error that the trial court abused its discretion when it denied his request for a continuance on the morning of trial. A trial court has broad discretion when ruling on a motion for continuance. State v. Unger (1981),67 Ohio St.2d 65, 67. Thus, a trial court's denial of a motion for a continuance will only be reversed on appeal if the trial court abused its discretion. Id. An abuse of discretion connotes more than an error of law or judgment, and implies that the trial court's attitude is unreasonable, arbitrary, or unconscionable. State v. Adams (1980),62 Ohio St.2d 151, 157.
 {¶ 8} In Unger, supra, the court identified certain factors that should be considered in determining whether a continuance is appropriate. These factors are:
[T]he length of the delay requested; whether other continuances have been requested and received; the inconvenience to litigants, witnesses, opposing counsel and the court; whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; whether the defendant contributed to the circumstance which gives rise to the request for a continuance; and other relevant factors, depending on the unique facts of each case.
Id. at 67-68.
 {¶ 9} Applying these factors to the present case, we first note that appellant's stated reason for requesting a continuance was to gain additional time so appellant could hire private counsel. Appellant, however, signed an affidavit of indigency which indicated he was financially unable to retain private counsel. Appellant did not assert that his financial situation had changed since he signed the affidavit. Although appellant contended that his appointed counsel was not prepared, counsel stated on the record that he was prepared. Appellant also contended that he requested a continuance because he did not know about the July 7 trial date. The record suggests otherwise. A notice advising him of the July 7, 2003 trial date was delivered to appellant's home address on May 30, 2003. Although appellant was in jail at that time, he was released from jail on June 20, 2003, and was in the courtroom on July 7, 2003. By his presence in the courtroom, appellant obviously was aware of the trial date. Accordingly, the trial court did not abuse its discretion when it denied appellant's request for a continuance. Appellant's first assignment of error is overruled.
 {¶ 10} In his second assignment of error, appellant contends the trial court erred when it proceeded with the jury trial in his absence. Crim.R. 43(A) requires that a criminal defendant be present at the arraignment and at every stage of the trial. However, a defendant's right to be present at trial is not absolute. State v. White (1998),82 Ohio St.3d 16, 26. Crim.R. 43(A) also provides that if a trial is commenced in the presence of the defendant, who thereafter voluntarily absents himself, the trial may continue in defendant's absence. State v.Harrison (1993), 88 Ohio App.3d 287, 290. Therefore, the right to be present at trial may be waived by the defendant's own acts. State v.Meade (1997), 80 Ohio St.3d 419, 421.
 {¶ 11} After the State rested its case on Tuesday, July 8, 2003, the trial court continued the trial to Thursday, July 10, 2003. Appellant's counsel told appellant to use the day off to make plans to have his witnesses in court when the trial started again. Appellant came to court on Thursday with Richardson, but appellant's counsel decided not to call Richardson as a witness.[1] Following a break, appellant did not return to the courtroom. Appellant's counsel offered no explanation for his client's absence and requested a mistrial. The State opposed that motion and requested that the trial continue in appellant's absence. The trial court found that appellant's absence was voluntary and allowed the trial to proceed.
 {¶ 12} After a trial has commenced in the defendant's presence, a trial court may proceed without the defendant if the absence is voluntary. State v. Murray, 156 Ohio App.3d 219, 2004-Ohio-654, at ¶12; State v. Liston (Sept. 24, 1999), Portage App. No. 98-P-0039. Whether or not a defendant's absence is voluntary is an issue of fact. Id., quoting In re Ruth (June 19, 1998), Ashtabula App. No. 96-A-0086; Statev. Chancey (Feb. 17, 2000), Cuyahoga App. No. 75633. This court is bound to accept a trial court's findings of fact if they are supported by competent, credible evidence. State v. Dalton, 153 Ohio App.3d 286,2003-Ohio-3813, at ¶ 20. Unrebutted evidence that the defendant was aware of his obligation to attend the court proceeding and did not appear is sufficient to support a finding that the absence is voluntary.Chancey.
 {¶ 13} The trial court's finding that appellant's absence was voluntary is supported by competent, credible evidence. Appellant's counsel offered no explanation for appellant's absence. In fact, there is nothing in the record to indicate that appellant's absence was not voluntary. It appears that appellant was unhappy with the trial court's refusal to continue the trial and his counsel's decision not to call Richardson as a witness. Therefore, appellant decided to flee. Appellant does not argue otherwise and does not provide any justification for his absence from the courtroom. Because there was competent, credible evidence that appellant voluntarily left the courtroom and chose not to return after the trial commenced in his presence, the trial court did not abuse its discretion by proceeding with the trial in appellant's absence. See State v. Caffey (Dec. 23, 1980), Franklin App. No. 80AP-602. Appellant's second assignment of error is overruled.
 {¶ 14} Appellant contends in his third assignment of error that the trial court should have instructed the jury, sua sponte, on the lesser included offense of unauthorized use of a motor vehicle. Appellant did not request such a jury instruction at trial and, therefore, has waived all but plain error. State v. Goodwin (1999), 84 Ohio St.3d 331, 347;State v. Moses, Richland App. No. 2001CA104, 2003-Ohio-5830, at ¶ 19. Plain error does not exist unless, but for the error, the outcome of the trial clearly would have been different. State v. Waddell (1996),75 Ohio St.3d 163, 166. Plain error should be noticed and corrected with the utmost caution, under exceptional circumstances, and only to prevent a manifest miscarriage of justice. State v. Long (1978), 53 Ohio St.2d 91, paragraph three of the syllabus.
 {¶ 15} Unauthorized use of a motor vehicle is a lesser included offense of theft. State v. Young (May 30, 2002), Cuyahoga App. No. 79243. An instruction on a lesser included offense is required only where the evidence presented at trial would reasonably support both an acquittal on the crime charged and a conviction upon the lesser included offense. Goodwin; State v. Thomas (1988), 40 Ohio St.3d 213, paragraph two of the syllabus. Appellant was charged with one count of theft pursuant to R.C. 2913.02(A)(1). In order to convict appellant of theft, the state had to prove beyond a reasonable doubt that appellant, with purpose to deprive the owner of the property, knowingly obtained or exerted control over the property without the consent of the owner or person authorized to give consent. In order to convict a person of the unauthorized use of a motor vehicle, the state must prove that the person knowingly used or operated a motor vehicle without the consent of the owner or the person authorized to give consent. R.C. 2913.03(A).
 {¶ 16} Jenise Slater testified that at the time appellant knocked on her front door early on the morning of February 18, 2003, her van was parked in the driveway. Later that morning, the van disappeared. Slater testified that she did not give appellant permission to drive the van, and that her daughter was not authorized to drive the van that morning and was never authorized to let appellant drive the van. Slater also testified that appellant called her and said he had the van and would not give it back unless she produced her daughter. This evidence could not have reasonably supported an acquittal of the crime charged and a conviction on the lesser included offense of unauthorized use of a vehicle. Appellant admitted in his phone call to Slater that he took the van to deprive Slater of her property and Slater's testimony proves that appellant took the van without her consent. Accordingly, the trial court's failure to sua sponte instruct the jury on the lesser included offense of unauthorized use of a motor vehicle does not constitute plain error. Appellant's third assignment of error is overruled.
 {¶ 17} Appellant argues in his fourth assignment of error that the trial court erred in failing to conduct all discussions with counsel on the record. We disagree. Reversal of convictions on grounds of some unrecorded bench or chambers conferences, off-therecord discussions, or some other unrecorded proceedings are not justified where the defendant fails to demonstrate that (1) a request was made at trial that the conferences be recorded or that objections were made to the failures to record, (2) an effort was made on appeal to comply with App.R. 9 and to reconstruct what occurred or to establish its importance, and (3) material prejudice resulted from the failure to record the proceedings at issue. State v. Palmer (1997), 80 Ohio St.3d 543, 554; Goodwin, at 340.
 {¶ 18} Because appellant has not satisfied these requirements, reversal of his conviction is not warranted. Appellant's counsel did not make a pretrial request that all sidebars or in-chambers discussions be recorded. Appellant makes no attempt to comply with App.R. 9 by reconstructing what was said during these off-the-record discussions. Nor does appellant demonstrate material prejudice from these off-the-record discussions. Appellant only speculates about the substance of the discussions. Prejudice is not presumed from the mere existence of unrecorded discussions. Palmer, at 554. Such speculative allegations of prejudice are insufficient to demonstrate that material prejudice occurred. Id. Nor can we discern any clear or obvious material prejudice to appellant as the result of any unrecorded discussions. Accordingly, appellant's fourth assignment of error is overruled.
 {¶ 19} Appellant's fifth assignment of error sets forth a number of instances which appellant claims denied him the effective assistance of counsel. In order to prevail on an ineffective assistance of counsel claim, appellant must meet the two-prong test enunciated in Stricklandv. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052; accord State v.Bradley (1989), 42 Ohio St.3d 136, certiorari denied (1990), 497 U.S. 1011,110 S.Ct. 3258. Initially, appellant must show that counsel's performance was deficient. To meet that requirement, appellant must show counsel's error was so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. Appellant may prove counsel's conduct was deficient by identifying acts or omissions that were not the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. Id. at 690. In analyzing the first prong of Strickland, there is a strong presumption that defense counsel's conduct falls within a wide range of reasonable professional assistance. Id. at 689. Appellant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. Id., citingMichel v. Louisiana (1955), 350 U.S. 91, 101, 76 S.Ct. 158.
 {¶ 20} If appellant successfully proves that counsel's assistance was ineffective, the second prong of the Strickland test requires appellant to prove prejudice in order to prevail. Strickland, at 692. To meet that prong, appellant must show counsel's errors were so serious as to deprive him of a fair trial, a trial whose result is reliable. Id. at 687. Appellant would meet this standard with a showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.
 {¶ 21} Appellant first claims that his counsel was deficient by failing to confer with him during the two months before his trial, and by failing to meet with him to discuss discovery matters before trial. We disagree. Counsel met with appellant on May 2 and May 8, 2003, but did not meet with him again during the two months before trial. Appellant's counsel, however, stated on the record that he felt these meetings were sufficient to prepare his trial strategy. This was not a complex criminal case, and we cannot say that two meetings with his client, under these circumstances, is insufficient as a matter of law, for counsel to adequately prepare his trial strategy. Additionally, appellant fails to articulate how he was prejudiced by counsel's failure to meet with him in the two months before trial or to discuss discovery matters. Cf. Statev. Hawkins (Nov. 9, 2001), Cuyahoga App. No. 33781 (failure to confer during appellate process does not establish ineffective assistance of counsel if appellant cannot show how contact would have resulted in reversal of convictions).
 {¶ 22} Appellant next contends that counsel was deficient for not calling Wanika Richardson as a witness and for failing to contact and subpoena other potential witnesses. Generally, decisions to call witnesses are within the purview of defense counsel's trial strategy and are not considered deficient performance absent a showing of prejudice.State v. Hunt (1984), 20 Ohio App.3d 310, 312. Appellant must establish that the testimony of the witnesses would have significantly assisted the defense and affected the outcome of the case. State v.Reese (1982), 8 Ohio App.3d 202, 203. Otherwise, the failure to call a witness does not establish ineffective assistance of counsel. Id.;Hunt, supra.
 {¶ 23} Appellant's counsel indicated that Richardson's testimony would not be particularly helpful and would, in fact, possibly be harmful to his case. Therefore, appellant's counsel decided not to call Richardson as a witness. Appellant fails to overcome the presumption that counsel's decision not to call Richardson was a reasonable trial strategy. Appellant also does not explain how Richardson's testimony would have assisted his defense. See State v. Coulverson (Mar. 21, 2002), Franklin App. No. 01AP-893. Counsel was not ineffective by failing to call Richardson as a witness in this trial.
 {¶ 24} Further, the mere failure to subpoena witnesses does not render counsel's assistance ineffective absent a showing of prejudice. State v.Coulter (1992), 75 Ohio App.3d 219, 230; State v. Buchanan (May 4, 1992), Madison App. No. CA91-07-021. On the second day of his trial, appellant presented his counsel with a list of four potential witnesses. Appellant does not indicate how their testimony would have been helpful. Therefore, we have no way of knowing whether their testimony would have assisted the defense. Appellant has not shown that he was prejudiced by counsel's failure to subpoena these witnesses. Accordingly, counsel was not ineffective for failing to subpoena these witnesses.
 {¶ 25} Appellant next argues that his counsel did not zealously contest the trial court's decision to proceed with the trial in appellant's absence. The record does not support this argument. Appellant's counsel requested a mistrial when it was clear that appellant was not going to return to the courthouse. He then argued in favor of his request and opposed the state's request to proceed with the trial in appellant's absence. We cannot say that counsel was deficient just because the trial court decided to proceed with the trial, a decision we have already found to be within the trial court's discretion.
 {¶ 26} Finally, appellant argues that his counsel was ineffective by failing to request a jury instruction on the lesser included offense of unauthorized use of a vehicle. Again, we disagree. Trial counsel's failure to request instructions on lesser included offenses is a matter of trial strategy and does not establish ineffective assistance of counsel. State v. Griffie (1996), 74 Ohio St.3d 332, 333, citing Statev. Clayton (1980), 62 Ohio St.2d 45, certiorari denied (1980),449 U.S. 879, 101 S.Ct. 227. Additionally, as already discussed, appellant was not entitled to a jury instruction on the lesser included offense in this case. Therefore, counsel's failure to request such an instruction would not have prejudiced appellant. See e.g., State v. Steele, Cuyahoga App. No. 83388, 2004-Ohio-4628, at ¶ 12 (counsel not ineffective for failing to request instruction on lesser included offense when defendant not entitled to such a request); State v. Stokley (Jan. 16, 1997), Cuyahoga App. No. 70172; State v. Dunbar (Nov. 1, 1999), Stark App. No. 1998CA00275.
 {¶ 27} Because appellant has failed to establish that his counsel was ineffective, his fifth assignment of error is overruled.
 {¶ 28} Having overruled appellant's five assignments of error, the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
Brown, P.J., and Lazarus, J., concur.
[1] Appellant's counsel did subpoena one witness to testify. Andy Price, a mechanic, testified that he worked on Slater's van and that appellant drove the car into his repair shop and signed for the repairs.