OPINION
{¶ 1} Gregory S. Willis is appealing his conviction on two charges of rape and one charge of kidnapping. He assigns a single error for our consideration:
 THE TRIAL COURT ERRED BY NOT ALLOWING THE DEFENDANT TO REPRESENT HIMSELF DURING THE DEFENSE PHASE OF THE TRIAL AND FURTHER DENIED THE DEFENDANT'S RIGHT TO RECALL A STATE WITNESS; THEREBY VIOLATING HIS UNITED STATES AND OHIO CONSTITUTIONAL RIGHTS. *Page 2 
 {¶ 2} On January 1, 2007, J.E. was raped. The issue at Willis' trial was whether or not he was the rapist.
 {¶ 3} J.E. testified at length during the trial and clearly identified Willis as the man who attacked her. DNA evidence from semen left during the assault was matched to Willis' DNA.
 {¶ 4} After the State of Ohio had presented its evidence, Willis requested leave of court to assume the role of defense counsel. He wished to call J.E. back to the witness stand and ask her questions above and beyond those asked in her direct examination, cross-examination, redirect examination, re-cross examination and re-redirect examination. Willis indicated that he had no intention of testifying himself.
 {¶ 5} The trial judge engaged in an extended dialog with Willis about why Willis wanted J.E. to be put back on the witness stand. The judge permitted Willis to consult with his defense lawyer about possible avenues of inquiry. Willis apparently wished only to point out to the jury that after he received information about J.E. during pretrial discovery, he did not attempt to harass or even contact her. Obviously that information had no relevance to the issue of whether Willis was or was not the person who raped J.E. in the first place. The trial court was well within its discretion to refuse Willis' request to place J.E. back on the witness stand.
 {¶ 6} Willis also requested to give his own closing argument. The trial court ruled that Willis had waived his right to represent himself by waiting until the trial was virtually over before asserting the right.
 {¶ 7} Faretta v. California (1975), 422 U.S. 806, 95 S.Ct. 2525, is not absolute and unconditional when it grants an accused the right to self-representation. Faretta does *Page 3 
not contemplate that a criminal defendant will ask to become his or her own counsel mid-trial.
 {¶ 8} The Supreme Court of Ohio ruled in State v. Cassano,96 Ohio St.3d 94, 2002-Ohio-3751, that a criminal defendant who waited until three days before trial to invoke his right of self-representation had not made a timely demand to represent himself and therefore had waived the right. If a demand three days before trial is not timely, then a demand made mid-trial is clearly not timely.
 {¶ 9} Likewise, the Sixth Circuit Court of Appeals upheld the ruling of the Kentucky Supreme Court that a demand for self-representation made on the day of trial was not timely. See Robards v. Rees (C.A.6, 1986),789 F.2d 379. Willis' demand for self-representation came later still.
 {¶ 10} The trial court judge who conducted the trial of Willis was clearly within his discretion to refuse Willis' request to represent himself.
 {¶ 11} The sole assignment of error is overruled. The judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
FRENCH, P.J., and McGRATH, J., concur. *Page 1