[Cite as *State v. Phillips*, 2019-Ohio-2930.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 18AP-619 |
| v. | : | (C.P.C. No. 17CR-5223) |
| Earnest L. Phillips, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on July 18, 2019

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Barbara A. Farnbacher*, for appellee. **Argued:** *Barbara A. Farnbacher*.

**On brief:** *Yeura R. Venters*, Public Defender, and *Robert D. Essex*, for appellant. **Argued:** *Robert D. Essex*.

APPEAL from the Franklin County Court of Common Pleas

DORRIAN, J.

{¶ 1} Defendant-appellant, Earnest L. Phillips, appeals from a judgment of conviction and sentence entered by the Franklin County Court of Common Pleas pursuant to a jury verdict of guilty on one count of burglary. Because we conclude the trial court did not err by terminating Phillips's self-representation or by continuing the trial in his absence, we affirm.

## I. Facts and Procedural History

{¶ 2} Phillips was indicted on one count of burglary on September 25, 2017. The charge arose from an incident in which Columbus police officers observed Phillips enter and walk around inside a fraternity house near The Ohio State University campus. The house manager for the fraternity would later testify that Phillips did not live in the house

and was not a guest of any of the residents. Attorney Michael Siewert was appointed to represent Phillips. A trial on the burglary indictment and two other criminal cases was scheduled for October 11, 2017, but on that date Phillips advised the court he was unhappy with Attorney Siewert. The court concluded Phillips's complaints about Siewert were not well-founded. The trial court commenced jury selection the following day. Before voir dire was completed on October 12, 2017, Phillips advised the court he wished to represent himself. The court granted Phillips's request and offered to appoint Attorney Siewert as standby counsel, which Phillips declined. Later that same day, Phillips reported to the court that he was experiencing medical issues. The Columbus Division of Fire emergency squad was summoned and concluded Phillips was not in genuine distress. However, Phillips persisted in telling the court he could not proceed with trial. The court then appointed Attorney Jeffrey Basnett to represent Phillips and scheduled a pretrial conference for October 25, 2017. In the entry appointing Attorney Basnett to serve as Phillips's counsel, the trial court advised that "[s]hould Mr. Phillips decline to work with or be represented by attorney Basnett, the court will allow Phillips to self-represent on his cases, but under the circumstances the court deems it prudent to first offer Mr. Phillips attorney Basnett's services." (Oct. 13, 2017 Journal Entry at 1-2.)

{¶ 3} Immediately before the pretrial conference on October 25, 2017, Phillips advised Attorney Basnett he wished to represent himself. Attorney Basnett notified the court of this at the beginning of the conference. Following extensive discussion with the court, including an assertion by Phillips that he was experiencing mental health issues, Phillips agreed to continue to work with Attorney Basnett in preparing his case for trial. The case was set for trial on November 6, 2017.

{¶ 4} When Phillips and Attorney Basnett appeared before the court again on November 6, 2017, Attorney Basnett advised the court that Phillips had indicated prior to the hearing that he would represent himself and asked Attorney Basnett to assist him in getting additional information. Phillips had also told Attorney Basnett he suffered from bipolar disorder and was having problems with his medication. Attorney Basnett further advised the court that Phillips was due for further mental health evaluation by Southeast Mental Health. Attorney Basnett suggested a formal competency evaluation be conducted

and indicated that Phillips had previously agreed with that recommendation. When asked whether he wanted a competency evaluation, Phillips responded as follows:

> Judge Frye, you got to excuse me, because I have been blinking out and on. I have a change of thought. I'm not further too well, and I will take your advice and keep him as my lawyer. I'm not actually going to be able to represent myself, you know. It's very complicated for me. My mind is not working like it used to, actually.
>
> You know, I'm just asking, actually, for this Southeast to try to evaluate to see what's going on with me. They said it was something in the past that's tricking me off and on, and so on. And that's what I'm asking for.

(Nov. 6, 2017 Tr. at 4.) Following the hearing, the trial court ordered a competency evaluation for Phillips. The competency report was submitted to the court on December 13, 2017. Throughout December 2017, Phillips filed pro se motions for bond hearing, suppression of evidence, dismissal of Attorney Basnett as counsel, and dismissal of the indictments.

{¶ 5} On January 4, 2018, the trial court conducted a hearing and denied Phillips's pro se motions. At the hearing, Attorney Basnett indicated that when he spoke with Phillips earlier in the day, Phillips did not recognize him and stated he was still having issues with his medication. During the hearing, Phillips acted erratically, addressing the trial judge as "Captain Hess" and referring to having gone through military training. (Jan. 4, 2018 Tr. at 2-3.) Phillips told the court his medication had been changed and that he tried to explain this to Attorney Basnett:

> I was trying to explain it to this recon, but he wouldn't listen to me. And I really don't need him around me. He's whatever you called me. He's not as of my soldier, and I feel that he's my enemy. And, actually, I really want to take some kind of military weapon and try to dismiss him out of my life, because I see it as a real conflict. And I hate to say it here in this court martial, but I hate for somebody to bullshit me. Sorry.

(Jan. 4, 2018 Tr. at 7.) Attorney Basnett requested a second competency evaluation at the hearing and subsequently filed a written motion for a second competency evaluation. The trial court ordered a second competency evaluation to be performed.

{¶ 6}   Phillips and Attorney Basnett next appeared before the court at a hearing on March 14, 2018.  At that hearing, Attorney Basnett advised the court that Phillips wanted to represent himself.  Phillips confirmed at the hearing that he wished to represent himself; the trial court granted Phillips's request for self-representation and retained Attorney Basnett as standby counsel.  The trial court issued an entry ordering Phillips to file a written waiver of the right to counsel and advising him that disruptive behavior could result in the court terminating his right to self-representation.

{¶ 7}   The court held a competency hearing for Phillips on April 17, 2018. Dr. Allen McConnell, a forensic psychologist who conducted the first competency evaluation of Phillips in December 2017, testified he found Phillips to have a mental illness associated with bipolar disorder, but not an intellectual disability.  Dr. McConnell stated Phillips was cooperative when interviewed about his mental health, but was uncooperative when asked questions related to his legal proceedings, referring to the doctor as "captain" and acting as though he was in a military environment.  Dr. McConnell concluded Phillips was capable of understanding the nature and objective of the proceedings against him and assisting in his own defense.  Dr. John Lewis Tilley, Jr., a clinical and forensic psychologist who conducted the second competency evaluation of Phillips, testified to his opinion that although Phillips had mental health problems he did not have a mental illness or intellectual disability that would hinder his ability to stand trial.  Instead, Dr. Tilley opined that Phillips was malingering, intentionally fabricating, or grossly exaggerating mental health problems to manipulate his legal situation.  Dr. Tilley testified he believed Phillips was capable in assisting in his own defense and was competent to stand trial.  Following the hearing, the trial court found Phillips competent to stand trial.

{¶ 8}   The case proceeded to a jury trial, with jury selection commencing May 29, 2018.  Prior to jury selection, Phillips reiterated his complaints about the assistance he previously received from Attorney Basnett and indicated he was not prepared to proceed with trial.  Phillips suggested he wanted the court to appoint a public defender to represent him.  Plaintiff-appellee, State of Ohio, opposed the appointment of a new attorney from the public defender's office, arguing that Phillips was only seeking to delay proceedings.  The trial court indicated Attorney Basnett could be reappointed to represent Phillips, but he rejected that offer.  The trial court then declined to appoint a new attorney for Phillips and

proceeded with jury selection. After the jury had been selected and discharged for the day, Phillips told the trial court the proceedings were unfair and prejudiced and stated, "I might as well not even be here, Your Honor." (May 29, 2018 Tr. at 25.)

{¶ 9} The following day, May 30, 2018, Phillips refused to appear for trial. The trial court's deputy indicated Phillips had been ill the previous evening and that morning. The trial court indicated that if Phillips did not appear, he would revoke the right to self-representation based on disruptive behavior and reappoint Attorney Basnett to represent Phillips. The trial court's deputy was dispatched to advise Phillips that if he did not come to court, the trial would proceed in his absence and Attorney Basnett would represent him. The deputy returned to court and indicated that Phillips was lying in his cell with blankets over his head and refused to come to court, insisting he was ill. The deputy did not know if a doctor had examined Phillips. The trial court then confirmed that Attorney Basnett was willing to proceed on behalf of Phillips and convened the jury. The court advised the jury that Phillips was voluntarily absent from court, but that his absence should not be held against him. The prosecutor and Attorney Basnett delivered opening statements and the prosecution presented five witnesses, with Attorney Basnett cross-examining each of the prosecution's witnesses. At the close of the state's evidence, Attorney Basnett moved for dismissal of the charges under Crim.R. 29. The trial court denied the motion for dismissal.

{¶ 10} On May 31, 2018, Phillips appeared in the courtroom with Attorney Basnett. Phillips apologized for not appearing the previous day and advised the trial court he had genuinely been ill. Phillips elected not to testify, and Basnett delivered closing argument on behalf of Phillips. The jury found Phillips guilty of burglary, a felony of the second degree, in violation of R.C. 2911.12. On July 16, 2018, the trial court sentenced Phillips to two years imprisonment on the conviction.

## II. Assignment of Error

{¶ 11} Appellant appeals and assigns the following sole assignment of error for our review:

> The appellant's trial was tainted by structural error when the court violated Mr. Phillips' Sixth Amendment rights to self-representation and confrontation.

## III. Analysis

### A. Sixth Amendment Protections

{¶ 12} The Sixth Amendment to the United States Constitution, made applicable to the states through the Fourteenth Amendment provides certain protections for defendants in criminal proceedings:

> In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence.

The United States Supreme Court has held that the Sixth Amendment implicitly provides a criminal defendant the right to self-representation. *Faretta v. California*, 422 U.S. 806, 819 (1975) ("Although not stated in the [Sixth] Amendment in so many words, the right to self-representation -- to make one's own defense personally -- is thus necessarily implied by the structure of the Amendment."). *See also State v. Gibson*, 45 Ohio St.2d 366 (1976), paragraph one of the syllabus ("The Sixth Amendment, as made applicable to the states by the Fourteenth Amendment, guarantees that a defendant in a state criminal trial has an independent constitutional right of self-representation and that he may proceed to defend himself without counsel when he voluntarily, and knowingly and intelligently elects to do so."). The court has also recognized that "[o]ne of the most basic rights guaranteed by the Confrontation Clause [of the Sixth Amendment] is the accused's right to be present in the courtroom at every stage of his trial." *Illinois v. Allen*, 397 U.S. 337, 338 (1970).[1] Phillips asserts the trial court violated his rights to be present at the trial and represent himself by

---

[1] The United States Supreme Court and the Ohio Supreme Court have also held that a criminal defendant's right to be present during proceedings is protected by the Due Process Clause of the Fifth Amendment in some situations. *See United States v. Gagnon*, 470 U.S. 522, 526-27 (1985) ("The constitutional right to presence is rooted to a large extent in the Confrontation Clause of the Sixth Amendment, *e.g., Illinois v. Allen*, 397 U.S. 337 (1970), but we have recognized that this right is protected by the Due Process Clause [of the Fifth Amendment] in some situations where the defendant is not actually confronting witnesses or evidence against him."); *State v. Williams*, 6 Ohio St.3d 281, 286 (1983) ("As the constitutional principle of 'due process' has evolved on both the state and federal levels, the courts have broadened its guarantees to mandate the presence of the defendant, absent waiver of his rights or other extraordinary circumstances, at every stage of his trial.").

conducting the second day of trial on May 30, 2018 in his absence and by reappointing Attorney Basnett as his counsel on that day.

**B. Trial Error Versus Structural Error**

{¶ 13} Phillips argues the alleged violations of his Sixth Amendment rights constituted structural error requiring automatic reversal of his conviction. Constitutional errors occurring in a criminal proceeding can be divided into two categories: (1) "trial errors," which are reviewable for harmless error, and (2) "structural errors," which are per se reversible. *State v. Fisher*, 99 Ohio St.3d 127, 2003-Ohio-2761, ¶ 9, citing *Arizona v. Fulminante*, 499 U.S. 279, 306-12 (1991). Structural errors affect the framework of the trial process, rather than simply being an error in that process; as a result of structural error, " 'a criminal trial cannot reliably serve its function as a vehicle for determination of guilt or innocence, and no criminal punishment may be regarded as fundamentally fair.' " *Fulminante* at 310, quoting *Rose v. Clark*, 478 U.S. 570, 577-78 (1986). Structural error subject to automatic reversal has only been found in a very limited class of cases. *State v. Wilks*, 154 Ohio St.3d 359, 2018-Ohio-1562, ¶ 133. The United States Supreme Court has recognized that denial of the right to self-representation at trial is structural error. *McKaskle v. Wiggins*, 465 U.S. 168, 177 (1984), fn.8 ("Since the right of self-representation is a right that when exercised usually increases the likelihood of a trial outcome unfavorable to the defendant, its denial is not amenable to 'harmless error' analysis. The right is either respected or denied; its deprivation cannot be harmless."). By contrast, the court has also held that violations of the Confrontation Clause are subject to harmless-error review. *See Delaware v. Van Arsdall*, 475 U.S. 673, 684 (1986) ("[W]e hold that the constitutionally improper denial of a defendant's opportunity to impeach a witness for bias, like other Confrontation Clause errors, is subject to *Chapman* [*v. California*, 386 U.S. 18 (1967)] harmless-error analysis."). *See also State v. Scott*, 10th Dist. No. 05AP-1144, 2006-Ohio-4981, ¶ 11 fn. 4 ("Where preserved by objection, review of Confrontation Clause claims is for harmless error. Confrontation Clause claims not preserved by objection are reviewed for plain error under comparable Fed.R.Crim.P. 52."). (Citations omitted.)

**C. Continuation of Trial in Phillips's Absence**

{¶ 14} In addition to the right to be present provided under the Confrontation Clause of the Sixth Amendment, Article I, Section 10 of the Ohio Constitution states that

"[i]n any trial, in any court, the party accused shall be allowed to appear and defend in person and with counsel." Crim.R. 43(A)(1) provides that "[e]xcept as provided in Rule 10 of these rules and division (A)(2) of this rule, the defendant must be physically present at every stage of the criminal proceeding and trial." Crim.R. 43(B) specifies that a defendant may be excluded from trial due to disruptive conduct when "the hearing or trial cannot reasonably be conducted with the defendant's continued physical presence." Crim.R. 43(A)(1) also provides that "the defendant's voluntary absence after the trial has been commenced in the defendant's presence shall not prevent continuing the trial to and including the verdict." As explained above, we review violations of the Confrontation Clause under the harmless error standard. Crim.R. 52(A) defines the doctrine of harmless error in criminal cases and provides that "[a]ny error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded."

{¶ 15} Phillips argues there was no basis for excluding him from the courtroom for disruptive behavior under Crim.R. 43(B) because he had not engaged in disruptive behavior in front of the jury. The record indicates that Phillips was not excluded from the courtroom due to disruptive behavior. As discussed more fully below, the trial court revoked Phillips's right to self-representation due to a finding of disruptive behavior, but that was not the reason the trial continued without him being present. Rather, the court concluded that Phillips was voluntarily absent because he refused to come to court and advised the jury not to hold Phillips's absence against him. On appeal, Phillips argues the trial court erred by not taking further steps to investigate the validity of his illness that prevented him from attending the second day of trial or granting a one-day continuance to see if Phillips could attend trial the following day.

{¶ 16} Whether a defendant's absence from trial is voluntary is an issue of fact and we are bound to accept a trial court's findings of fact if they are supported by competent, credible evidence. *State v. Dennis*, 10th Dist. No. 04AP-595, 2005-Ohio-1530, ¶ 12. In this case, the trial court's deputy was advised that Phillips had been ill throughout the night of May 29th and refused to go to court on the morning of May 30th. The deputy visited Phillips in jail and reported back that Phillips was lying in his cell with blankets over his head and refused to sit up and talk to the deputy. When advised the trial would continue in his absence with Attorney Basnett representing him, Phillips refused to go to the

courtroom, insisting he was ill. The trial court noted that Phillips had previously feigned a medical condition during the October 2017 proceedings and concluded it was necessary to proceed with the trial despite Phillips's voluntary absence.

{¶ 17} Phillips argues the court should have done more to investigate the genuineness of his illness or should have granted a one-day continuance to permit him to attend trial, citing an Eighth District Court of Appeals decision holding that a trial court erred by failing to conduct a thorough investigation of a defendant's mental state and grant a one-day continuance when the defendant refused to appear after trial had begun. *State v. Sinclair*, 8th Dist. No. 85235, 2005-Ohio-6011. In *Sinclair*, before the trial began the defendant, Sinclair, took an overdose of antidepression medication. This left him so drowsy and incapacitated that he was unable to assist his counsel during jury selection. Sinclair's counsel advised the court that Sinclair was not making clear decisions. The following day, Sinclair refused to come to the courtroom from the county jail. The trial court was advised Sinclair had been placed on suicide watch due to the medication overdose. The court ordered Sinclair's medical records, which showed that he was demonstrating bizarre behavior and had expressed suicidal thoughts. *Sinclair* at ¶ 14-18. On appeal, the Eighth District concluded the trial court erred by not conducting a more thorough investigation of Sinclair's illness and that "failure to grant even a one-day continuance demonstrates an additional lack of prudence on the part of the trial court." *Id.* at ¶ 19.

{¶ 18} The circumstances in the present case are substantially different from those in *Sinclair*. Although Phillips was reported to have been throwing up on the evening of May 29th, there was no indication his condition was as severe as that of the defendant in *Sinclair*. Moreover, there was evidence to suggest that even if Phillips was genuinely ill, he may have been relying on that illness as an excuse to be voluntarily absent from trial. Phillips had previously reported a medical incident in October 2017, but when examined by the emergency squad there were no signs of genuine distress. That incident resulted in a delay in the proceedings. Further, near the end of the first day of trial on May 29th, Phillips complained that the proceedings were unfair to him and stated, "I might as well not even be here, Your Honor." (May 29, 2018 Tr. at 25). Under these circumstances, we conclude the trial court did not err by continuing the trial in Phillips's absence on May 30th.

**D. Revocation of Right to Self-Representation**

{¶ 19} As explained above, a criminal defendant has a constitutional right to self-representation. *Faretta* at 819; *State v. Keenan*, 81 Ohio St.3d 133, 138 (1998).  However, the right to self-representation is not absolute. In the same decision acknowledging the implied right to self-representation present under the Sixth Amendment, the United States Supreme Court noted that "the trial judge may terminate self-representation by a defendant who deliberately engages in serious and obstructionist misconduct." *Faretta* at 834, fn. 46. "The right of self-representation is not a license to abuse the dignity of the courtroom. Neither is it a license not to comply with relevant rules of procedural and substantive law." *Id.  See also Martinez v. Court of Appeal*, 528 U.S. 152, 162 (2000) ("Even at the trial level, therefore, the government's interest in ensuring the integrity and efficiency of the trial at times outweighs the defendant's interest in acting as his own lawyer."); *State v. Willis*, 10th Dist. No. 08AP-536, 2009-Ohio-325, ¶ 7 (holding that right to self-representation recognized under *Faretta* is not absolute and unconditional). Further, the *Faretta* court held that "a State may -- even over objection by the accused -- appoint a 'standby counsel' to aid the accused if and when the accused requests help, and to be available to represent the accused in the event that termination of the defendant's self-representation is necessary." *Faretta* at 834, fn. 46.

{¶ 20} The First District Court of Appeals has held that "when a defendant elects to represent himself at trial in a criminal proceeding, and that defendant's conduct, following a warning to desist, is so disruptive that it threatens the integrity and efficacy of the trial, he has forfeited his right to self-representation." *State v. Mizell*, 1st Dist. No. C-070750, 2008-Ohio-4907, ¶ 31.  In that case, the defendant, Mizell, who was representing himself at trial and had appointed standby counsel, engaged in outbursts during the prosecutor's examination of a witness which prevented the prosecutor from hearing the witness's responses. Mizell was warned that he would be removed from the courtroom if such behavior continued.  When he continued to disrupt the proceedings, the trial court ordered Mizell removed from the courtroom and had standby counsel take over representing him until he could return and resume self-representation. *Id.* at ¶ 32. On appeal, the First District Court of Appeals held the trial court did not abuse its discretion by removing Mizell from the courtroom and ordering standby counsel to represent him, thereby effectively

revoking his right to self-representation for part of the proceedings, because Mizell's "continued disruptive behavior threatened to undermine the integrity and efficacy of the trial." *Id.*

{¶ 21} Similarly, the Eighth District Court of Appeals held that a trial court did not abuse its discretion by revoking a defendant's right to self-representation where the defendant engaged in "obstructionist behaviors, delay tactics, and deliberate manipulations." *State v. Cedeno*, 8th Dist. No. 102327, 2015-Ohio-5412, ¶ 34. The defendant in that case, Cedeno, notified the trial court on the day trial was scheduled to begin that he did not consent to trial and wanted a new attorney. Although the trial court believed this was a stalling tactic, it appointed new counsel and continued the matter for pretrial. *Id.* at ¶ 7. Subsequently, at a pretrial hearing, Cedeno rejected the second attorney and indicated he wanted to represent himself, and continued to insist that he did not consent to trial. The court granted Cedeno's request to represent himself. *Id.* at ¶ 8. At another pretrial hearing, Cedeno refused to accept discovery from the prosecution. Due to Cedeno's behavior, the trial court ordered an evaluation to determine whether he was competent to waive his right to counsel and stand trial. *Id.* at ¶ 9. Although the competency evaluations determined that Cedeno was competent to stand trial, the trial court concluded he did not understand the charges against him or the basic elements necessary to defend against those charges. Therefore, the trial court revoked the right of self-representation and appointed counsel for Cedeno. *Id.* at ¶ 18-21.

{¶ 22} On appeal, the Eighth District Court of Appeals held the trial court did not abuse its discretion by revoking Cedeno's right to self-representation, finding that Cedeno's pattern of delay and manipulation began on the day the case was originally scheduled for trial, when he denied consent to go to trial and requested another attorney. His obstruction continued when he refused to accept discovery from the state but later demanded discovery and complained that the state would not provide it. *Id.* at ¶ 32-33. The appellate court found that "[i]t was readily apparent that Cedeno would not cooperate in the proceedings, even when the matter was helpful to Cedeno or was a ruling in his favor." *Id.* at ¶ 34. Thus, the court concluded that by revoking the right to self-representation, the trial court was attempting to protect all parties and the integrity of the proceedings. *Id.* at ¶ 34.

{¶ 23} This court has also affirmed a trial court's revocation of a defendant's right to self-representation where the defendant pursued a defense strategy that was wholly irrelevant to the crimes charged against him. *State v. Timson*, 10th Dist. No. 87AP-1212 (May 25, 1989). In that case, the court found that despite repeated requests by the trial court that he restrict his pretrial motions and defense strategy to the crimes charged, Timson persisted in attempting to obtain witnesses and introduce evidence that were completely irrelevant to those charges. The court found that this persistent conduct demonstrated an inability to competently defend himself and held that "[r]egardless of defendant's good faith or bad faith in pursuing his defense, a defense which is substantially irrelevant to the offenses charged, when conducted over the trial court's admonitions, is evidence of a *pro se* litigant's inability to represent himself at the trial on those charges." *Id.*

{¶ 24} A trial court should not lightly withdraw the right to self-representation once a criminal defendant has validly invoked it. In the present case, Phillips did not act disruptively in the courtroom in the presence of the jury. However, the record supports a conclusion that he engaged in a pattern of disruptive tactics that appear to have been intended to delay or derail the trial process. He sought to discharge his first appointed counsel and represent himself on the day his trial was set to begin. Later that same day, he complained of a medical issue, but the emergency workers who attended to him indicated he was not in genuine distress. The competency evaluations the trial court ordered suggested Phillips exaggerated his mental health issues when confronted with the reality of his legal predicament. Throughout the proceedings, including at times when he was represented by counsel, Phillips engaged in voluminous pro se motion practice, filing multiple redundant motions. In the entry granting Phillips's request for self-representation, the trial court notified him that disruptive behavior could result in termination of the right to self-representation. When the rescheduled trial date arrived, Phillips indicated he was not prepared to proceed and suggested he wanted a public defender appointed to represent him. At the close of the first day of trial, he indicated to the trial court that he believed his presence was not necessary.

{¶ 25} On the day Phillips refused to appear for trial, the court dispatched the deputy to advise Phillips that if he did not come to court, the court would appoint Attorney Basnett

to represent him; still, Phillips refused to come to court.  Given this record, when Phillips claimed he was ill and refused to come to court for the second day of trial it was reasonable for the trial court to conclude that this was a continuation of his pattern of delay and obstruction. Moreover, upon returning for the third day of trial, Phillips did not object to the fact that Attorney Basnett had been reappointed to represent him and he permitted Attorney Basnett to continue representing him by delivering closing argument.  While we acknowledge the importance of the right to self-representation, under these circumstances we conclude the trial court did not err by revoking Phillips's right to self-representation.

{¶ 26}  Accordingly, because we conclude the trial court did not err by terminating Phillips's right to self-representation and continuing the trial in his absence on May 30, 2018, we overrule Phillips's sole assignment of error.

## IV. Conclusion

{¶ 27}  For the foregoing reasons, we overrule Phillips's sole assignment of error and affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BROWN and SADLER, JJ., concur.