[Cite as *State v. Jones*, 2023-Ohio-2855.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 22AP-209 |
| v. | : | (C.P.C. No. 20CR-4445) |
| Dwayne T. Jones, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

---

D E C I S I O N

Rendered on August 15, 2023

---

**On brief:** *G. Gary Tyack*, Prosecuting Attorney, and *Seth L. Gilbert*, for appellee. **Argued:** *Seth L. Gilbert*.

**On brief:** *Wolfe Law Group, LLC*, and *Stephen T. Wolfe*. **Argued:** *Stephen T. Wolfe*.

---

APPEAL from the Franklin County Court of Common Pleas

BOGGS, J.

{¶ 1} Defendant-appellant, Dwayne T. Jones ("Jones"), appeals from the judgment of the Franklin County Court of Common Pleas, which convicted him of attempted murder and felonious assault, both with firearm specifications, and having a weapon while under a disability. For the following reasons, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} On August 3, 2020, Robert Wiley ("Wiley") was shot in his car outside an apartment complex on Refugee Road in Columbus, Ohio. Wiley had gone to the apartment complex to meet a man he knew as "Trey," who had called him seeking to purchase some marijuana. After Wiley arrived at the apartment complex, "Trey" and another unidentified person approached Wiley's vehicle. "Trey" was upset about the amount of marijuana that Wiley was offering to sell to him and shot Wiley. Police later arrived on the scene to find

an unresponsive, bleeding Wiley, who was then taken to a hospital. While he was recovering from his injuries, Wiley identified "Trey" in a photo array and was then informed by police that "Trey's" name was actually Dwayne T. Jones. Jones was indicted for felonious assault in violation of R.C. 2903.11(A)(2), attempted murder in violation of R.C. 2923.02, and having a weapon while under a disability in violation of R.C. 2923.13, with the first two counts carrying firearm specifications.

{¶ 3} A jury trial began on March 14, 2022, with the trial court hearing testimony from police officer Melvin Tellis. As one of the responding officers to the shooting on August 3, 2020, he had found Wiley with apparent gunshot wounds sitting in his still-running vehicle.

{¶ 4} On March 15 and 16, 2022, the trial continued, but Jones was not present and could not be located. The court found that under Crim.R. 43(A) Jones was voluntarily absent, as Jones was aware of his obligation to attend the proceedings and there was no indication that his absence was anything other than voluntary. Jones's counsel did not object to proceeding with the trial in Jones's absence.

{¶ 5} The state then called Wiley to testify. Wiley testified that he knew a man named "Trey" whom he had met at their apartment complex, that they occasionally smoked marijuana together, and that their children played together. Wiley also testified that "Trey" called him numerous times the day of the shooting asking Wiley to sell him some marijuana. Wiley met "Trey" at their apartment complex parking lot and told "Trey" that he did not have the amount he wanted to purchase. Ultimately, Wiley asked "Trey" not to call him anymore, after which Wiley heard a gun cock and was shot.

{¶ 6} Wiley testified that, after the shooting, he identified the shooter, who was also the person he knew as "Trey," in a photo array. Wiley once again identified "Trey" in the photo array in court. Wiley further testified that the officer who administered the photo array told him that the real name of the person he had selected, the person he knew as "Trey," was Dwayne T. Jones. The trial court also heard testimony from detectives Randy Van Vorhis and Charles Rosch, who presented the photo array to Wiley. The detectives provided testimony on the process of presenting photo arrays and that Wiley identified who he knew as "Trey" as the shooter.

{¶ 7}    The jury returned a verdict finding Jones guilty of felonious assault with a firearm specification and attempted murder with a firearm specification.  The trial court found him guilty of possessing a weapon while under a disability.  The trial court merged the felonious assault count into the attempted murder count and sentenced Jones to a total prison term of 12 to 15 years.  Jones was sentenced with a six to nine-year prison term for the merged attempted murder count, a concurrent two-year prison term on the weapons under disability count, to be served consecutively to consecutive three-year prison terms for the firearm specifications.  The trial court later amended the sentencing entry to remove one of the three-year firearm specifications, reducing Jones's aggregate sentence to 9 to 12 years.  Jones now submits this appeal.

## II.  ASSIGNMENTS OF ERROR

{¶ 8}    In his appeal, Jones asserts the following three assignments of error:

(1) The evidence presented at trial was insufficient to support the convictions.

(2) The jury's verdicts were against the manifest weight of the evidence.

(3) The trial court committed plain error when it conducted the trial in Appellant's absence.

## III.  LEGAL ANALYSIS

### A.  First Assignment of Error

{¶ 9}    We first turn to Jones's first assignment of error in which he argues there was insufficient evidence to support his convictions because Wiley did not identify Jones as the shooter in the courtroom.  We do not agree.

{¶ 10}  Sufficiency of the evidence tests whether the evidence is legally adequate to support a verdict as a matter of law.  *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). Whether the evidence is legally sufficient to support a verdict is a question of law, not fact. *Id.*  In determining whether the evidence is legally sufficient to support a conviction, " '[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.' "  *State v. Robinson*, 124 Ohio St.3d 76, 2009-Ohio-5937, ¶ 34, quoting *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus.

The verdict will not be disturbed on appeal for insufficient evidence unless, after viewing the evidence in a light most favorable to the prosecution, it is apparent that reasonable minds could not reach the conclusion reached by the trier of fact. *State v. Treesh*, 90 Ohio St.3d 460, 484 (2001). A reversal based on insufficient evidence has the same effect as a not guilty verdict because such a determination "means that no rational factfinder could have voted to convict the defendant." *Tibbs v. Florida*, 457 U.S. 31, 41 (1982).

{¶ 11} Here, Jones argues there was not sufficient evidence for any rational trier of fact to find the essential elements of the crimes were proven beyond a reasonable doubt because Wiley never directly identified Jones in court as the person he knew as "Trey." Despite Jones's assertions, we note that "[a] witness need not physically point out the defendant in the courtroom as long as there is sufficient direct or circumstantial evidence proving that the defendant was the perpetrator." *State v. Tate*, 140 Ohio St.3d 442, 2014-Ohio-3667, ¶ 19.

{¶ 12} We find that there is sufficient evidence considering that Wiley identified the shooter in a photo array that was then submitted into evidence and provided to the jury to consider during its deliberations. The jury was able to compare the identified shooter's photo to Jones, whom the jury was able to observe in the courtroom the first day of trial. Wiley also testified that, after identifying the shooter in the photo array, he learned from the police that Jones and "Trey" were one in the same. We also note that, during trial, defense counsel asked questions and made statements that impliedly acknowledged that Jones and "Trey" were the same person. For example, defense counsel referred to the person who called Wiley asking to buy marijuana as "Jones," not "Trey." While the statements of defense counsel are not evidence of identity in and of themselves, federal courts have found evidence that defense counsel himself identified the defendant at trial may "imply identification." *United States v. Boyd*, 447 Fed.Appx. 684, 690 (6th Cir.2011), citing *United States v. Alexander*, 48 F.3d 1477 (9th Cir.1995).

{¶ 13} In construing the evidence in a light most favorable to the prosecution, a rational trier of fact could determine that the prosecution had proven identity beyond a reasonable doubt. We therefore overrule Jones's first assignment of error.

**B. Second Assignment of Error**

{¶ 14} Jones, in his second assignment of error, argues that his conviction was against the manifest weight of the evidence. We are not persuaded.

{¶ 15} An appellate court reviewing a manifest weight challenge to a criminal conviction "may not merely substitute its view for that of the trier of fact, but must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Harris*, 10th Dist. No. 13AP-770, 2014-Ohio-2501, ¶ 22, citing *Thompkins* at 387, citing *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist.1983). An appellate court should reserve reversal of a conviction as being against the manifest weight of the evidence for the most "exceptional case in which the evidence weighs heavily against the conviction." (Internal quotations omitted.) *State v. Cervantes*, 10th Dist. No. 18AP-505, 2019-Ohio-1373, ¶ 27.

{¶ 16} When considering a manifest weight argument, the reviewing court may consider the credibility of the witnesses. *State v. Cattledge*, 10th Dist. No. 10AP-105, 2010-Ohio-4953, ¶ 6. However, this court is guided by the presumption that, "[the jury] 'is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony.' " *Id.*, quoting *Seasons Coal Co. v. Cleveland*, 10 Ohio St.3d 77, 80 (1984). Disagreement over the credibility of a witness is not a sufficient reason to reverse a judgment on manifest weight grounds. *State v. G.G.*, 10th Dist. No. 12AP-188, 2012-Ohio-5902, ¶ 7. Therefore, we give the jury's determination of witness credibility great deference. *State v. Redman*, 10th Dist. No. 10AP-654, 2011-Ohio-1894, ¶ 26, citing *State v. Jennings*, 10th Dist. No. 09AP-70, 2009-Ohio-6840, ¶ 55; *State v. Covington*, 10th Dist. No. 02AP-245, 2002-Ohio-7037, ¶ 28.

{¶ 17} Similar to his sufficiency argument, Jones rests his manifest weight argument on the fact that he was not directly identified in court as the person Wiley knew as "Trey." (Appellant's Brief at 10.) However, as discussed above, we find that a rational fact finder could have concluded that the state proved Jones was the shooter. Jones does not offer any conflicting evidence to suggest that the jury lost its way, and absent evidence that weighs

heavily against the conviction, we will not substitute our judgment for that of the jury. For these reasons we overrule Jones's second assignment of error.

### C. Third Assignment of Error

{¶ 18} Finally, Jones's third assignment of error challenges as plain error the trial court's decision to proceed with trial in his absence.

{¶ 19} Plain error review under Crim.R. 52(B) "places three limitations on a reviewing court's decision to correct an error despite the absence of a timely objection at trial." *State v. Barnes*, 94 Ohio St.3d 21, 27 (2002). "First, there must be an error, i.e., a deviation from a legal rule." *Id.* Second, the error must be plain in that it illustrates "an 'obvious' defect in the trial proceedings." *Id.*, quoting *State v. Sanders*, 92 Ohio St.3d 245, 257 (2001). "Third, the error must have affected 'substantial rights.'" *Id.* "Notice of plain error under Crim. R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *State v. Long*, 53 Ohio St.2d 91 (1978), paragraph three of the syllabus.

{¶ 20} Jones argues that the trial court committed plain error when it proceeded with the trial in his absence. Crim.R. 43(A) requires that a criminal defendant be present at arraignment and at every stage of the trial. However, a defendant's right to be present at trial is not absolute. *State v. White*, 82 Ohio St.3d 16, 26 (1998). If a trial is commenced in the presence of the defendant, who thereafter voluntarily absents himself, the trial may continue in the defendant's absence. Crim.R. 43(A); *State v. Harrison*, 88 Ohio App.3d 287, 290 (1st Dist.1993). Therefore, the defendant may waive the right to be present at trial by his or her own acts. *State v. Meade*, 80 Ohio St.3d 419, 421 (1997).

{¶ 21} Whether a defendant's absence from trial is voluntary is an issue of fact, and we are bound to accept a trial court's findings of fact if they are supported by competent, credible evidence. *State v. Dennis*, 10th Dist. No. 04AP-595, 2005-Ohio-1530, ¶ 12. Unrebutted evidence that the defendant was aware of his obligation to attend the court proceeding and did not appear is sufficient to support a finding that the absence is voluntary. *Id.*

{¶ 22} Here the trial court found that Jones's absence was voluntary. The trial court found that Jones knew he was required to be in court for trial, and Jones's counsel attempted to contact him several times with no response. Jones's counsel also reached out

to area hospitals and local jails, all of which indicated Jones was not a patient or in custody. There is also no evidence in the record that Jones's absence was involuntary. Further, Jones does not even argue that the trial court erred in determining Jones's absence was voluntary, but instead only argues that he was prejudiced by the trial court proceeding without him at trial. We see no error in the trial court's determination that Jones was voluntarily absent from trial, or in its decision to proceed with the trial in Jones's absence. Therefore, Jones's third assignment of error is overruled.

## IV. CONCLUSION

{¶ 23} Having overruled Jones's three assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

LUPER SCHUSTER and EDELSTEIN, JJ., concur.

_____