The State of Ohio, Appellee *v.* Phillips, Appellant.

(No. C-72064—Decided October 16, 1972.)

*Mr. Simon L. Leis, Jr., Mr. Leonard Kirschner* and *Mr. Carl W. Vollman,* for appellee.
*Mr. J. William Duning,* for appellant.

Shannon, J. This is an appeal from the Court of Common Pleas of Hamilton County.

On December 5, 1969, defendant, the appellant herein, was indicted for a violation of R. C. 2901.24 (assault with intent to rape). He was arraigned on December 9, 1969, and after having obtained continuances went to trial on September 24, 1970. He waived a trial by jury and the prosecution adduced evidence to maintain the issues raised by the indictment, resting its case in chief on September 25, 1970. Through counsel, defendant moved for a dismissal, and the motion was overruled. Before proceeding to the defense, the court granted a short recess. When court was reconvened, the defendant could not be found, whereupon his bond was forfeited and his trial continued to October 5, 1970. When that day arrived, defendant failed to appear and his counsel advised the court that every effort had been made to locate him without avail, that two witnesses whose testimony was to have been offered in defense were not

available, and that, under the circumstances, he had no evidence to present. The court proceeded to hear closing arguments on behalf of the state and the defendant, and upon the evidence it found him guilty as charged. It continued the matter for the imposition of a sentence pending the apprehension of the defendant. About a year later, defendant was found and returned to court and after proceedings appropriate to law were had, was sentenced.

This appeal is by leave from the judgment of guilt and the overruling of a motion for a new trial.

Two errors have been assigned. First, that the trial court erred in ordering the trial to proceed in spite of the voluntary absence of defendant contrary to the provisions of R. C. 2945.12. Second, that the trial court erred in its failure to declare a mistrial following remarks by the prosecutor concerning defendant's absence from the trial court and his failure to testify in his own behalf.

R. C. 2945.12 provides:

"A person indicted for a misdemeanor, upon request in writing subscribed by him and entered in the journal, may be tried in his absence by a jury or by the court. No other person shall be tried unless personally present, but if a person indicted escapes or forfeits his recognizance after the jury is sworn, the trial shall proceed and the verdict be received and recorded. If the offense charged is a misdemeanor, judgment and sentence shall be pronounced as if he were personally present. If the offense charged is a felony, the case shall be continued until the accused appears in court, or is retaken."

Clearly, this provides the procedure when one escapes or absconds after a jury has been sworn. The legislature has not provided a rule to be followed in the situation exemplified in the case at bar and, apparently, there is no reported precedent in Ohio for us to consider.

What is the course to be followed by a judge sitting as a trier of the facts when one indicted for a felony wilfully absents himself during the presentation of the evidence?

In 1970, the Supreme Court of the United States de-

cided *Illinois* v. *Allen*, 397 U. S. 337, 90 S. Ct. 1057. There, the accused prior to his removal from the courtroom was warned repeatedly from the bench that his persistent unruly conduct would result in such removal. The court held that the accused, by persisting in disruptive conduct, lost his constitutional right to be present throughout his trial, and his removal from the courtroom and the continuance of the trial in his absence were not unconstitutional.

The second headnote in *Illinois* v. *Allen, supra* at 90 S. Ct. 1057 states:

"Privilege of personally confronting witnesses may be lost by consent or at times even by misconduct."

We find two remarks made by Justice Black in delivering the opinion in *Illinois* v. *Allen* to be specially significant. The first, found at 345, 90 S. Ct. at 1062, states:

"It must be recognized, however, that a defendant might conceivably, as a matter of calculated strategy, elect to spend a prolonged period in confinement * * * in the hope that adverse witnesses might be unavailable after a lapse of time. *A court must guard against allowing a defendant to profit from his own wrong* in this way." (Emphasis ours.)

The second, on page 346, 90 S. Ct. at 1062, states:

"But our courts, palladiums of liberty as they are, cannot be treated disrespectfully with impunity. *Nor can the accused be permitted by his disruptive conduct indefinitely to avoid being tried on the charges brought against him.*" (Emphasis ours.)

Justice Brennan wrote a concurring opinion in *Illinois* v. *Allen, supra,* quoting with approval *Falk* v. *United States* (1899), 15 D. C. App. 446 and *Diaz* v. *United States* (1912), 223 U. S. 442. He noted that in *Falk* an accused had appeared for trial but fled before it was completed. The court proceeded in his absence and a verdict of guilty was returned. In affirming the conviction over the objection that an accused could not be convicted in *absentia*, the court of appeals for the District of Columbia said, at 454, 455:

"It does not seem to us to be consonant with the dic-

tates of common sense that an accused person * * * should be at liberty, whenever he pleased * * * to break up a trial already commenced. The practical result of such a proposition, if allowed to be law, would be to prevent any trial whatever until the accused person himself should be pleased to permit it. * * * This would be a travesty of justice which could not be tolerated.''

We are convinced that the overriding principle to be applied is that neither in criminal nor in civil cases will the law allow a person to take advantage of his own wrong.

If we were to condone the actions of the defendant by reversing his conviction upon the ground of the first error assigned, we would allow him to profit from his own wrong and reward him for his disruptive activities. We refuse to subject a trial court sitting without a jury in a felony case to the whim and caprice of an accused at liberty upon recognizance. To permit such accused to take advantage of his wilful absence would be to permit him to thwart the prerogative of the state to proceed with trials. Therefore, the first assignment of error is not well taken.

The second assignment of error is without merit. The remarks of the prosecutor, in context, did not allude to the failure of the accused to testify, but rather to the conceded fact that he had fled the jurisdiction. Additionally, there was no jury and nothing in the record suggests that the court was in anywise influenced prejudicially against the defendant by what we view as an innocuous remark in argument.

The judgment of the Court of Common Pleas of Hamilton County is affirmed.

*Judgment affirmed.*

HESS, P. J., and YOUNG, J., concur.