CITY OF COLUMBUS, APPELLEE, *v.* STENNETT, APPELLANT.
THE STATE OF OHIO, APPELLEE, *v.* STENNETT, APPELLANT.

(Nos. 80AP-98 and 80AP-99—Decided August 21, 1980.)

*Mr. Gregory S. Lashutka,* city attorney, *Mr. Ronald J. O'Brien,* city prosecutor, and *Mr. David E. Tingley,* for the city of Columbus and the state of Ohio.

*Mr. James Kura* and *Mr. Phillip J. Cykon,* for Raynes Stennett.

COOK, J. Defendant-appellant, Raynes Stennett, has filed separate appeals from judgments of the Franklin County

Municipal Court of his conviction and sentence on charges of driving without a valid operator's license (case No. 80AP-98) and defrauding a livery (case No. 80AP-99). These two cases have been consolidated for purposes of appeal.

Appellant has filed the following three assignments of error:

1. "Appellant's conviction for driving without a valid operator's license was contrary to law in that it was based upon insufficient evidence of which the admission into evidence was plain error."

2. "The trial court erred in overruling defendant's motion for acquittal of the charge of defrauding a livery since the prosecution failed to establish material elements of the charge upon sufficient evidence."

3. "The trial court's failure to provide defense counsel with the opportunity to present a closing argument by summarily rendering its verdict at the close of the trial violated appellant's rights of effective assistance of counsel and due process of law guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution."

The first assignment of error is without merit, but the second and third assignments of error are well taken.

Turning first to appellant's contention that his conviction for driving without a valid operator's license (Section 2135.01 of the Columbus City Code; cf. R. C. 4507.02) was not supported by the evidence, appellant argues that the prosecution failed to offer proof that a valid Ohio operator's license had never been issued to the appellant and that the stopping of appellant's automobile by the police officer without just cause violated his Fourth Amendment right against unreasonable search.

As to the sufficiency of the evidence on the charge of operating a motor vehicle without a license, Section 2135.06 of the Columbus City Code (display of license) states:

"The operator or chauffeur of a motor vehicle shall display his license, or furnish satisfactory proof that he has such license, upon demand of any peace officer or of any person damaged or injured in any collision in which such licenses may be involved. When a demand is properly made and the operator or chauffeur has his license on or about his person, he shall not refuse to display such license. Failure to furnish satisfac-

tory evidence that such person is licensed under Ohio R. C. 4507.01 to 4507.30, inclusive, when such person does not have his license on or about his person shall be prima-facie evidence of his not having obtained such license." (Cf. R. C. 4507.35.)

As to the Fourth Amendment argument, the record indicates that appellant did not file a motion to suppress prior to trial as required by Traf. R. 11(B)(2)(a), nor did appellant object to the testimony of the arresting officer at the trial. The question of the validity of his arrest is raised by appellant for the first time in this court.

In *Cleveland* v. *Ely* (1963), 174 Ohio St. 403, in the syllabus, the Ohio Supreme Court held:

"Where a defendant is charged in an affidavit with a misdemeanor and pleads not guilty thereto, and goes to trial without questioning the validity of his arrest or the sufficiency of the affidavit, such defendant may not thereafter defend on the ground that he was unlawfully arrested or that the affidavit was falsely or improperly verified."

This court, in *Columbus* v. *Harris* (Franklin Co. Ct. of Appeals No. 76AP-750, November 26, 1976), unreported, stated: " * * * failure to furnish satisfactory evidence of being licensed is prima-facie evidence of the operator's not having obtained such license."

Here, the failure of appellant to produce an operator's license upon request by the officer was prima facie evidence that he had not obtained one; and, at trial, he did not produce such an operator's license, nor offer any other evidence to overcome the prima facie evidence that he had not obtained such a license.

As to appellant's contention that the trial court erred in overruling his motion for acquittal on the charge of defrauding a livery, R. C. 2913.41, in pertinent part, reads:

"(A) No person, with purpose to defraud or knowing that he is facilitating a fraud, shall do either of the following:

"(1) Hire * * * [a] motor vehicle * * * ;
" * * *

"(B) It is prima-facie evidence of purpose to defraud if the offender does any of the following:
" * * *

"(5) Knowingly fails to return hired property as required by the *contract of hire,* without reasonable excuse for such failure." (Emphasis added.)

In the instant cause, appellant signed a lease for the automobile in question, subject to the terms of the lease set forth on the reverse side of the lease form. However, the reverse side of the lease form was not offered in evidence.

R. C. 2913.41(B)(5) provides that it is prima facie evidence of purpose to defraud if the offender knowingly fails to return hired property "as required by the contract of hire" without reasonable excuse for such failure. Here, the full contract of hire was not in evidence; and, since the lease was subject to the terms on the part of the lease not offered in evidence (the reverse side of the lease agreement), we conclude that the evidence was insufficient to sustain a conviction of the offense of defrauding a livery.

Accordingly, the trial court erred in not granting appellant's motion for acquittal at the end of the state's case.

Considering next appellant's third assignment of error, that the trial court erred in failing to provide defense counsel an opportunity to present a closing argument, we conclude that the trial court prejudicially erred in failing to provide such an opportunity to appellant.

Total denial of the opportunity for final summation denies the defendant in a criminal case the basic right to assistance of counsel (*Herring* v. *New York* [1975], 422 U. S. 853) and denies such a defendant due process of law (*Columbus* v. *Woodrick* [1976], 48 Ohio App. 2d 274).

The court in *Woodrick, supra,* at 278, concluded " * * * for a waiver of a federal constitutional right to be effective, it must be plainly shown that there was an intentional relinquishment or abandonment of a known right. * * *"

The record before this court does not indicate that there was an intentional relinquishment or abandonment by appellant of his constitutional right to be heard in argument through counsel after the evidence was concluded.

Appellee (the state of Ohio) argues that the trial court did not err in refusing to permit final arguments because the court had just heard a lengthy argument on appellant's motion for acquittal at the end of the prosecution's case. However, a motion for acquittal, pursuant to Crim. R. 29, goes to the sufficiency of the evidence only and does not go to the credibility of the witnesses. The fact that the defendant presented no evidence after his motion for acquittal was overruled should

not deprive him of his constitutional right to be heard in final argument.

Judgment as to driving without a valid operator's license (case No. 80AP-98) affirmed. Judgment as to defrauding a livery (case No. 80AP-99) reversed and cause remanded for further proceedings according to law.

*Judgment accordingly.*

STRAUSBAUGH, P. J., and WHITESIDE, J., concur.

COOK, J., of the Eleventh Appellate District, sitting by designation in the Tenth Appellate District.