**The STATE of Ohio, Appellee,**

**v.**

**HARRISON, Appellant.**

[Cite as *State v. Harrison* (1993), 88 Ohio App.3d 287.]

Court of Appeals of Ohio,
Hamilton County.

No. C–920131.

Decided June 16, 1993.

*Joseph T. Deters,* Hamilton County Prosecuting Attorney, and *Philip R. Cummings,* Assistant Prosecuting Attorney, for appellee.

*Timothy A. Smith,* for appellant.

*Per Curiam.*

On May 29, 1979, the appellant, Kathy L. Harrison, was indicted in one count charging that she, while committing or attempting to commit robbery of Harold Mullins, had on or about her person a deadly weapon, "to-wit: a .38 calibre [*sic* ] firearm."

After a series of continuances, the matter came on for trial before a judge, by assignment of the chief justice, without a jury on January 29, 1980. The state completed the presentation of its case during the morning session and the court recessed the trial for lunch. The appellant failed to return after the luncheon recess and the court then recessed the trial until the next morning, January 30, 1980. When the appellant did not appear on that date, her appearance bond was forfeited and a capias was issued for her arrest; the trial was continued in progress. The case was next called on July 30, 1980; the appellant again did not make an appearance although her retained counsel was present as he had been throughout the proceedings. At that time, the court, after confirming his recollection that the state had rested, said:

"Well under the circumstances of this case, it is the feeling and judgment of this Court that he has no alternative but to find the defendant guilty and order that the Defendant be returned to Court."

The defense counsel then stated "[n]othing further at this time, your Honor."

On October 30, 1980, a judge of the Hamilton County Court of Common Pleas, acting for the trial judge, who sat by assignment, caused to be journalized an entry finding the appellant guilty of aggravated robbery, R.C. 2911.01, and deferring sentence. This entry had the notation: *"Nunc Pro Tunc* 1–30–80," not as a part of the body of the entry but appearing above the trial case number.

Approximately eleven years later, on August 12, 1991, the appellant was arrested on the warrant for her arrest issued on January 30, 1980. Thereafter, and on November 6, 1991, pursuant to Crim.R. 25(B), a successor judge was designated by the presiding judge of the Hamilton County Court of Common

Pleas to complete the remaining duties of the judge assigned by the chief justice, such judge being unable to complete the performance of his duties. The successor judge imposed a sentence of imprisonment from five to twenty-five years in the Ohio Reformatory for Women.

The appellant presents three assignments of error as follow:

"I. The trial judge committed prejudicial error in violation of the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution by failing to permit defense counsel to make closing argument.

"II. The trial judge committed prejudicial error in violation of the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution by failing to permit defense counsel to present a defense.

"III. The trial court committed prejudicial error in entering judgment and sentence based on an ineffective *nunc pro tunc* entry."

We conclude that none of the assignments of error has merit.

The first assignment protests, on federal constitutional bases, the alleged failure to permit defense counsel to make a closing argument. The record shows no denial of permission to make closing argument if the assignment implies that appellant's counsel requested permission to make the argument. However, "there can be no doubt that closing argument for the defense is a basic element of the adversary factfinding process in a criminal trial." *Herring v. New York* (1975), 422 U.S. 853, 858, 95 S.Ct. 2550, 2553, 45 L.Ed.2d 593, 598. The same case holds that the total denial of the opportunity to make final argument in a nonjury criminal trial as well as a jury trial deprives the defendant of his basic right to make his defense and denies his right to the effective assistance of counsel. See, also, *Columbus v. Stennett* (1980), 70 Ohio App.2d 123, 24 O.O.3d 163, 434 N.E.2d 1376; *Columbus v. Woodrick* (1976), 48 Ohio App.2d 274, 2 O.O.3d 232, 357 N.E.2d 58. The parties to this appeal apparently agree on this statement of the law.

The determinative question is whether the record shows an intentional relinquishment or abandonment of a known constitutional right or privilege. *Brookhart v. Janis* (1966), 384 U.S. 1, 86 S.Ct. 1245, 16 L.Ed.2d 314. Generally, rights of constitutional magnitude may be waived by counsel for the defendant only with express authority or by consent or acquiescence of the defendant. The record in this case does not contain any express authority for defense counsel to waive closing argument. It is unnecessary, therefore, for us to determine whether counsel's statement quoted above constitutes a waiver of the right to make a closing argument.

Crim.R. 43(A) provides that if a trial is commenced in the presence of the defendant, who thereafter voluntarily absents himself, the trial may continue to and including the verdict. This court, in 1972, prior to the adoption of Crim.R. 43, decided the case of *State v. Phillips* (1972), 34 Ohio App.2d 217, 63 O.O.2d 397, 299 N.E.2d 286. There the court was presented with an appeal by a defendant who had waived his right to a jury trial and who absented himself after the state had presented its evidence. The code provision then in effect, R.C. 2945.12, provided that, under such circumstance, the trial proceed to the entry of the verdict or finding by the court. Further, if the charge be a misdemeanor and the guilt of the defendant be proved, sentence may be pronounced as if the defendant were personally present. If the defendant be found guilty of a felony, the imposition of sentence must await his appearance before the court. Therefore, Crim.R. 43(A) and R.C. 2945.12 are substantially the same and the holding of this court in *Phillips, supra,* is apposite. "We are convinced that the overriding principle to be applied is that neither in criminal nor in civil cases will the law allow a person to take advantage of his own wrong." *Phillips, supra,* at 220, 63 O.O.2d at 399, 299 N.E.2d at 288.

There is nothing in the record indicating that the appellant was absent other than voluntarily during the eleven years from the time of her departure to August 1991. We note, as we did in *Phillips, supra,* the statement of the Supreme Court in *Illinois v. Allen* (1970), 397 U.S. 337, 345, 90 S.Ct. 1057, 1062, 25 L.Ed.2d 353, 360: "It must be recognized, however, that a defendant might conceivably, as a matter of calculated strategy, elect to spend a prolonged period in confinement [in hiding] * * * in the hope that adverse witnesses might be unavailable after a lapse of time. A court must guard against allowing a defendant to profit from his own wrong in this way."

If the right of the defense to give a summation was not waived, the error in not affording an opportunity to do so is, beyond any reasonable doubt, nonprejudicial under the facts of this case. The first assignment of error is overruled.

The second assignment of error is subsumed in our discussion of the first. The defense counsel did not inform the trial judge that he desired to present any evidence. Had he done so, any claimed error could have been avoided or corrected. *State v. Williams* (1977), 51 Ohio St.2d 112, 5 O.O.3d 98, 364 N.E.2d 1364, paragraph one of the syllabus. In the absence of any evidence offered by the defendant, summation would have been limited to argument on the deficiencies of the evidence adduced by the prosecution. Under the first assignment of error, we hold the absence of the final argument to be harmless beyond a reasonable doubt. The second assignment of error is overruled.

Finally, the appellant asserts that the entry of judgment and sentence based on an ineffective *nunc pro tunc* entry is prejudicially erroneous. This assignment of error is without merit.

At the time of the imposition of sentence by the successor judge, no question was raised by the appellant concerning the propriety or effectiveness of the *nunc pro tunc* entry. The third assignment of error is overruled on the authority of *State v. Williams, supra.*

The judgment of the trial court is affirmed.

*Judgment affirmed.*

KLUSMEIER, P.J., and SHANNON, J., concur.

BETTMAN, J., dissents.

M.B. BETTMAN, Judge, dissenting.

I believe that the numerous irregularities in the proceedings below are of constitutional dimension. The defendant, notwithstanding her own conduct, was effectively precluded from putting on a defense. I would reverse and remand for a new trial.